## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ACTIQ SALES AND MARKETING PRACTICES LITIGATION | : : | CIVIL ACTION NO. 07-4492 |
| | : | |
| AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, DISTRICT COUNCIL 47 HEALTH AND WELFARE FUND, ET AL., Plaintiffs, | : : : : : | CIVIL ACTION NO. 09-431 |
| v. | : : | |
| CEPHALON, INC., Defendant. | : : : | |

### MEMORANDUM

Tucker, J.                                                    June ___, 2011

Presently before this Court is Defendant Cephalon, Inc.'s Motion for Reconsideration of the Court's March 23, 2011 Order, or, in the Alternative, for Certification of that Order for Interlocutory Appeal Under 28 U.S.C. §1292 (Doc. 276), Plaintiffs' Response in Opposition thereto (Doc. 280), Defendant Cephalon, Inc.'s Notice of Supplemental Authority Regarding Cephalon's Motion for Reconsideration (Doc. 323), Plaintiffs' Response thereto (Doc. 325), and correspondence from both parties concerning the above motion.  Upon consideration of the parties' motions with exhibits and declarations, this Court will deny Defendant's Motion for Reconsideration of the Court's March 23, 2011 Order, or, in the Alternative, for Certification of that Order for Interlocutory Appeal.

### I.        BACKGROUND

The above-captioned matter concerns Defendant Cephalon Inc.'s, ("Cephalon") off-label marketing of its drug, Actiq, intended and approved by the U.S. Food and Drug Administration

1

("FDA") for the treatment of pain in late stage cancer patients.  Plaintiffs at issue, the Pennsylvania Turnpike Commission ("PTC") and Indiana Carpenters Welfare Fund (ICWF), initiated this class action pursuant to the Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL") 28 U.S.C.§1332, and the Indiana Deceptive Consumer Sales Act ("IDCSA") 29 U.S.C. §1132(a)(1)(B), seeking to recover damages for Cephalon's alleged violations of these state consumer protection laws through its off label sales and marketing efforts surrounding Actiq, a highly addictive drug.  A more detailed description of the factual background is available in this Court's Memorandum Opinion, dated March 23, 2011.  In re Actiq Sales & Mktg. Practices Litig., 2011 U.S. Dist. LEXIS 30749 (E.D. Pa. Mar. 23, 2011).

Although the UPTCPL and the IDCSA both allow private individuals to bring suit against an offending individual or entity, there is a requirement of reliance that must be fulfilled.  On June 28, 2010, Defendant Cephalon filed motions for summary judgment against Plaintiffs PTC and ICWF. (Docs. 231, 232).  In said motions, Defendant Cephalon argued that Plaintiffs' UTPCPL and IDCSA claims failed as a matter of law, and that no genuine issue of material fact remained, arguing the following (1) Plaintiffs failed to show reliance on misrepresentation made by Defendant; (2) the record lacked evidence of a cognizable injury due to Defendant's conduct; (3) Plaintiffs failed to satisfy additional state consumer protection statutory requirements; and (4) as a result of the unsustainable state consumer protection claims, Plaintiffs' unjust enrichment claims must also fail.

On March 23, 2011, after reviewing the records, the Court entered an Order and accompanying Memorandum Opinion denying Defendant Cephalon's summary judgment motions. (Docs. 274, 275).  The Court found that under the applicable state laws of Pennsylvania and Indiana, there remained genuine issues of material fact concerning whether Defendant's off label marketing efforts rose to a level that caused the inappropriate prescribing of Actiq, and resulting payments by

Plaintiffs for such prescriptions. Subsequently, on April 7, 2011, Cephalon filed the instant motion for reconsideration, or in the alternative, interlocutory appeal. (Doc. 276).

In its motion for reconsideration, Cephalon argues that the Court committed error by: (1) failing to address Cephalon's argument that Plaintiffs' assertions that Defendant's mere acts of off-label marketing or FDA regulatory violations are unsupportable under the IDCSA or the UTPCPL; (2) overlooking the fact that Plaintiffs offered no evidence proving reliance by an individual on a false or misleading statement made by Cephalon concerning Actiq; and (3) misinterpreting the appropriate standard for third party payors to prove economic injury due to payments for prescription drugs. Alternatively, Cephalon requests that if this Court declines reconsideration of its denial of Cephalon's motion for summary judgment, that the Court certify this matter for interlocutory appeal, pursuant to 28 U.S.C. §1292(b).

## II.    STANDARD OF REVIEW

"A motion for reconsideration is a device of limited utility." Dougherty v. Farmers New Century Ins. Co., 2007 U.S. Dist. LEXIS 26058 (M.D. Pa. Apr. 9, 2007).  The purpose of a motion for reconsideration under Fed. R. Civ. P. 59(e) is to correct manifest errors of law or fact or present newly discovered evidence.  Mash v. Twp. of Haverford Dep't of Codes Enforcement, No. 06-4479, 2007 U.S. Dist. LEXIS 67265, at *6 (E.D. Pa. 2007).  Therefore, a motion for reconsideration will be granted if the moving party can demonstrate one of the following: 1) an intervening change in the controlling law; 2) the availability of new evidence that was not available previously; or 3) the need to correct a clear error of law or fact to prevent manifest injustice.  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  However, motions for

reconsideration should be granted sparingly "because courts have a strong interest in the finality of judgments." Douris v. Schweiker, 229 F. Supp. 2d 391, 408 (E.D. Pa. 2002) (quoting Cont'l Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995)).

The Supreme Court has held that a finding of clear error requires a "definite and firm conviction that a mistake has been committed." Easley v. Cromartie, 532 U.S. 234, 242 (2001) (citing United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). To show clear error or manifest injustice, the moving party "must base its motion on arguments that were previously raised but were overlooked by the Court." United States v. Jasin, 292 F. Supp. 2d 670, 676 (E.D. Pa. 2003). However, "parties are not free to relitigate issues that the Court has already decided." Id. (citing Smith v. City of Chester, 155 F.R.D. 95, 97 (E.D. Pa. 1994)). See also Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993); Rottmund v. Cont'l Assurance Co., 813 F. Supp. 1104, 1107 (E.D. Pa. 1992). "It is improper on a motion for reconsideration to ask the court to rethink what it has already thought through -- rightly or wrongly." Lischner v. Upper Darby Twp, 2007 U.S. Dist. LEXIS 54528, at *3 (E.D. Pa. 2007) (citing Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993)).

### III.   DISCUSSION

**A.   Intervening Change in Controlling Law**

Defendant Cephalon, in undocketed communications with this Court, avers that the Third Circuit's ruling in the case of In re Schering Plough Corp. Intron/Temodar Consumer Class Action, No. 10-3046 and 10-3047, 2012 U.S. App. LEXIS 9832 (3d Cir. May 16, 2012) serves as controlling law in this instance. The Third Circuit, in Schering Plough, analyzes the standing of

third party payors and individual patient consumers in their putative class action claims, pursuant
to federal and state Racketeer Influenced and Corrupt Organizations ("RICO") laws, and other
state laws, against Defendant, a manufacturer of pharmaceuticals, for off-label marketing of drugs.
Id. at *1. However, this Court finds that Schering Plough fails to qualify as an intervening change
in controlling law, as its disposition was narrow and inapplicable to the facts at hand.  To be
certain, the Court notes that the Third Circuit, in its affirmation of the District Court of New
Jersey's decisions, addressed the district court's grant of motions to dismiss under Fed. R. Civ. P.
9(b), 12(b)(1) and 12(b)(6), and the substance of Amended Complaints submitted by third party
payor plaintiffs and one individual consumer plaintiff.  Id. at *11-14.  The circumstances
surrounding the District Court of New Jersey's decisions in Schering Plough are wholly dissimilar
to the present case, where this Court evaluated a motion for summary judgment pursuant to  Fed.
R. Civ. P. 56, along with a more fully developed record than that available for review in Schering
Plough.

        Furthermore, the Third Circuit, in Schering Plough, concluded the following: (1) the third
party payor plaintiffs in question lacked Article III standing for their federal and New Jersey
RICO claims, as these plaintiffs failed to show the requisite causal connection because they did
not directly pay for the drug at issue, and thus did not state sufficient claims that Defendant's
actions caused them to suffer injury-in-fact, and (2) the individual consumer in question lacked
Article III standing to file claims under Washington state consumer protection law and other state
common law against the defendant drug manufacturer due to lack of causal connection in her
Amended Complaint.  Id. at * 26-30; 34; 45-46. Neither of the Third Circuit's findings in
Schering Plough are relevant to the issue presently before this Court, concerning whether a third

5

party payor has shown sufficient evidence such that there remains a genuine issue of material fact which withstands a motion for summary judgment under Pennsylvania and Indiana state consumer protection laws, where such third party payors paid for the prescription drug at issue.  For the aforementioned reasons, the Court finds that the Third Circuit's recent <u>Schering Plough</u> opinion does not constitute an intervening change in controlling law which impacts the present matter.  Accordingly, the first prong allowing reconsideration is inapplicable to the present case.

**B.      Availability of New Evidence not Previously Available**

Because Defendant Cephalon submits no argument that newly available evidence supports a finding for reconsideration, this Court need not address this second prong of the reconsideration standard.

**C.      Absence of Error of Fact**

In the case sub judice, Defendant Cephalon submits that the Court committed the following errors: (1) overlooking the fact that Plaintiffs offered no evidence that any individual connected with their claims relied on a false or misleading statement made by Defendant; (2) failing to address Cephalon's dispositive argument that Plaintiffs identified only acts of off-label promotion by Defendant, which cannot form the basis of Plaintiffs' fraud-based claims under the UTPCPL and the IDCSA; (3) misinterpreting the proper standard for third party payors to prove economic injury from payments for prescription drugs; and (4) declining to grant summary judgment on the Plaintiffs' unjust enrichment claims.  The Court disagrees with Defendant Cephalon's assertions, and finds, as discussed below, a lack of clear error of law or fact requiring reconsideration.

6

The movant, Defendant Cephalon, carries the burden of demonstrating that "dispositive factual matters or controlling decisions of law were presented to the court but were overlooked." Buffa v. N.J. State Dep't of Judiciary, 56 Fed. Appx. 571, 575 (3d Cir. 2003). Here, in an attempt to satisfy this burden, Cephalon argues that the Court overlooked its alternative argument that even if first-party reliance was not required under the IDCSA and the UTPCPL, Plaintiffs failed to submit evidence of any form of reliance. Pointedly, Cephalon contends that this Court's opinion failed to recognize the fact that Plaintiffs did not provide proof of reliance by any individual involved with the prescriptions of Actiq in question, specifically the prescribing physicians.

The Court's Memorandum Opinion denying Defendant's summary judgment motions did not expressly address Cephalon's alternative argument, however, this in and of itself does not constitute an error of fact within the meaning of Third Circuit law. The omission highlighted by Cephalon does not amount to a "dispositive factual matter" warranting reconsideration. When basing a motion for reconsideration on an error of fact, a movant must point to a fact, which if considered, would be dispositive of the question before the court. See e.g. Rollins v. Horn, 2006 U.S. Dist LEXIS 60892 at *8 (E.D. Pa. 2006) (reasoning that the failure to address an argument does not present a manifest injustice where the decision would remain unchanged); Somerville v. Snyder, No. 98-219, 2002 U.S. Dist. LEXIS 2030, 2002 WL 202104, at *1 (D. Del. Feb. 4, 2002) ("A motion for reconsideration is not appropriate where the matter for reconsideration would not reasonably have altered the result previously reached by the court."). The omission highlighted by Cephalon was not overlooked by the Court, and would not change the Court's previous denial of Defendant's summary judgment motions. Accordingly, the Court's failure to expressly address Cephalon's alternative argument will not result in a manifest injustice, because even if this

argument had been addressed, the Court's conclusion would be the same.  The record before the Court contained enough evidence to support a finding that the prescribing physicians in question, through their interactions with Defendant Cephalon, may have relied upon misrepresentations by the Defendant in prescribing the drug.  Accordingly, a genuine issue of material fact remains concerning this matter.  Thus, Cephalon has failed to fulfill its burden of showing a clear error of fact resulting in manifest injustice, and the Court will deny this proffered argument for reconsideration.

The Court finds Defendant's second argument for reconsideration unsupportable for similar reasons as those discussed above.  The mere fact that the Court chose not to address Defendant's argument that Defendant's off-label promotion, by itself, cannot support Plaintiffs' state consumer protection claims, would not change the Court's disposition.  Here, the Court reviewed extensive evidence in support of the Plaintiffs' assertion that Defendant indeed made misleading representations to the prescribing physicians in both Pennsylvania and Indiana, with such misrepresentations close enough in the causal chain to have led these physicians to prescribe Actiq to Plaintiffs' beneficiaries for off-label purposes.  In re Actiq, 2011 U.S. Dist. LEXIS 30749, at *34, 39.  Even assuming, arugendo, that no misleading representations were presented on the record: (1) Plaintiff ICWF's claim remains viable, as there would be a genuine issue of material fact about whether Defendant's off-label marketing constituted impermissible marketing without a license under Section 10 the IDCSA, Ind. Code 24-5-0.5-10, which requires neither direct misrepresentations, nor reliance, and (2) Plaintiff PTC's UPTCPL claim remains viable, as there would remain a genuine issue of material fact as to whether Defendant Cephalon's off-label

marketing efforts caused indirect reliance and injury to Plaintiffs, as proof of a direct misrepresentation is not required under the UTPCPL.

Concerning Defendant Cephalon's third argument for reconsideration, the Court's summary judgment opinion did not misinterpret the proper standard for the third-party payor Plaintiffs to prove injury from payments for Actiq prescriptions.  To support its argument that this Court misapprehended case law, Defendant Cephalon fails to fulfill its burden, as it sets forth only cases which are in other jurisdictions, and are not binding on the central issue before the Court of the threshold that must be met in order for third party payors to prove that there remains a genuine issue of material fact concerning injury under the IDCSA and the UTPCPL.  Even if the Court were to adopt Defendant Cephalon's proffered rule from other jurisdictions – that "a third party payor suffers no economic injury merely by paying for an off-label drug without evidence that a participant received a prescription which was medically unnecessary or inappropriate, or even that there was an equally [efficacious] less expensive medicine" – the Court's finding would remain unchanged.  Plaintiffs submitted ample evidence on the record such that a genuine issue of material fact remained about whether Plaintiffs overpaid for Actiq, a drug intended solely for late-stage cancer patients, and prescribed to beneficiaries of Plaintiff who were not suffering from the extreme medical condition for which Actiq was intended, and arguably could have been treated with less aggressive, less addictive, and less expensive drug alternatives.

Lastly, Defendant Cephalon's fourth argument for reconsideration also fails.  Defendant Cephalon avers that "[t]o the extent Cephalon is entitled to reconsideration with respect to Plaintiffs' consumer fraud claims, therefore, Cephalon is also entitled to reconsideration regarding Plaintiffs' unjust enrichment claims." (Def. Mot. For Reconsid., at 13).  As discussed above, the

Court denies reconsideration on Defendant's arguments concerning the Court's denial of summary judgment with respect Plaintiffs' consumer protection claims.  This Court maintains its position that there remain genuine issues of material fact concerning both causation, and injury to the Plaintiffs due Defendant Cephalon's conduct of engaging in aggressive off-label marketing, as discussed above.  Thus, the Court must also deny Defendant's motion for reconsideration of the Court's disposition concerning Plaintiffs' unjust enrichment claims, which were founded on Plaintiffs' triable consumer protection claims under the IDCSA and the UTPCPL.

**D.     Interlocutory Appeal**

Alternatively, pursuant to 28 U.S.C. §1292(b), Defendant Cephalon requests that the Court certify its order denying summary judgment for interlocutory appeal.  The Court declines to do so based on the rationale set forth below.

In order to qualify for certification for interlocutory appeal under 28 U.S.C. § 1292(b), the order in question must satisfy all of the following statutory requirements: "(1) involve a "controlling question of law," (2) offer "substantial ground for a difference of opinion" as to its correctness, and (3) if appealed immediately "materially advance the ultimate termination of the litigation." Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974).  The moving party shoulders the burden of demonstrating that a 1292(b) appeal is warranted. Rottmund v. Continental Assurance Co., 813 F. Supp. 1104, 1112 (E.D. Pa. 1992).  "[A] motion should not be granted merely because a party disagrees with the ruling of the district judge." Max Daetwyler Corp. v. Meyer, 575 F. Supp. 280, 282 (E.D. Pa. 1983).  The trial court must exercise its discretion in determining whether to certify an order for appeal under § 1292(b). Fox v. Horn, Civ. A. No. 98-5279, 2000 U.S. Dist. LEXIS 3098, 2000 WL 288388, at *1 (E.D. Pa. Mar. 13,

2000) (citation omitted). "[C]ertification is only appropriate in 'exceptional' cases." <u>Alexander v. Wash. Mut., Inc.</u>, Civ. A. No. 07-4426, 2008 U.S. Dist. LEXIS 61256, 2008 WL 3285845, at *2 (E.D. Pa. Aug. 4, 2008) (citing <u>Piazza v. Major League Baseball</u>, 836 F. Supp. 269, 270 (E.D. Pa. 1993)). In exercising its discretion, the Court must be mindful of the strong policy against piecemeal appeals. <u>Orson, Inc. v. Miramax Film Corp.</u>, 867 F. Supp. 319, 321 (E.D. Pa. 1994) (citing <u>Piazza</u>, 836 F. Supp. at 270).

In the present matter, the Court's order denying summary judgment meets the first prong of the test for interlocutory appeal, since any potential error in the Court's resolution of Defendant's summary judgment motions "would warrant reversal of a final judgment or dismissal." <u>Id.</u> The second prong, however, is not met, as the Court finds that there is a lack of substantial ground for difference of opinion concerning the correctness of the Court's findings.  In support of the second prong of this test, Defendant Cephalon submits case law that is merely persuasive in nature to prove the alleged inaccuracies in the Court's order denying summary judgment.  There exists nothing in the record, nor in persuasive authority, nor in mandatory authority, that renders this Court's ruling subject to a legally valid difference of opinion.  Defendant Cephalon may not obtain certification for interlocutory appeal simply because it is disagrees with this Court's disposition, without showing a sufficient legal basis for the Court's incorrect findings.  All arguments and case law proffered by Defendant Cephalon, with the exception of the Third Circuit's recent opinion <u>Schering Plough</u> discussed above, have been considered by the Court in its March 23, 2011 Memorandum Opinion and Order, along with the record.  Because Defendant Cephalon fails to meet prong two of the conjunctive §1292(b) test, the Court finds that certification of the Court's March 23, 2011 Order for interlocutory appeal is unwarranted.

## IV.   CONCLUSION

Based on  Defendant's failure to satisfy its burden to show cause for reconsideration or alternatively, certification for interlocutory appeal, the Court denies Defendant Cephalon's motion.

An appropriate Order will be entered in accordance with this memorandum opinion.